**FILED**

**June 13, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 22-0074 – *Gabbert v. Coyne*

WOOTON, J., dissenting:

I dissent to the majority's endorsement of the circuit court's improper use of Rule 12(b)(6) to resolve the merits of petitioner's case—a case which by the majority's own admission turns on issues of intent. The majority concedes that our caselaw holds that "[t]he paramount principle in construing or giving effect to a trust is that the intention of the settlor prevails, unless it is contrary to some positive rule of law or principle of public policy." Syl. Pt. 1, *Hemphill v. Aukamp*, 164 W.Va. 368, 264 S.E.2d 163 (1980). Nonetheless, it affirms the circuit court's construction of the trust at the 12(b)(6) stage based solely on the documentary evidence available, without even permitting petitioner to conduct discovery to develop evidence of Mr. Coyne's intent—a decidedly factual undertaking. It further does so despite the Legislature's declaration that even *unambiguous* trust documents may be reformed to conform to the settlor's intent if it is shown by a mere preponderance that the trust instrument was affected by a "mistake of fact or law[.]" *See* W. Va. Code § 44D-4-415 (2011). Accordingly, I respectfully dissent.

Under the auspices of Rule 12(b)(6), the majority wades deep into the merits of this dispute by construing and interpreting three documents: the original 2006 trust instrument, the 2006 handwritten document, and the 2016 trust instrument. Because the circuit court below permitted no discovery before dismissing petitioner's complaint, the Court has only the allegations contained in petitioner's complaint—all of which it is bound to accept as true. The majority banters about whether the 2016 trust is an amendment to

1

the predecessor documents or a replacement of those documents, largely by focusing on the multiple references to "this trust" in the 2016 instrument and relying upon a case from the Utah Supreme Court—*In re Est. of Flake*, 71 P.3d 589 (Utah 2003), *abrogated by Mounteer Enter., Inc. v. Homeowners Ass'n for the Colony at White Pine Canyon*, 422 P.3d 809 (Utah 2018). Upon this questionable extra-jurisdictional precedent and its exclusive preoccupation with the language of the 2016 instrument, the majority declares Mr. Coyne's intention to be "abundantly clear," i.e. to revoke his grant of the Waverly Drive property to petitioner.

In dispensing with the case in this manner, the majority effectively applies the "plain meaning" rule—without recognizing or acknowledging it—despite that rule having been abolished by statute in West Virginia. As commentators have described, "[t]he plain meaning rule requires that . . . donative intent be found strictly from the language used in [the instrument] . . . regardless of the certainty derived from extrinsic evidence that such language misstates the . . . actual intent." Fred Franke & Anna Katherine Moody, *The Terms of the Trust: Extrinsic Evidence of Settlor Intent*, 40 ACTEC L.J. 1, 5 (2014). However, these same commentators have recognized that West Virginia Code § 44D-4-415 "abolishes the plain meaning rule[.]" *Id.*, app. at 32.

West Virginia Code § 44D-4-415 provides:

> The court may reform the terms of a trust, even if unambiguous, to conform the terms to the grantor's intention if it is proved by preponderance of the evidence that both the

2

> grantor's intent and the terms of the trust instrument were affected by a mistake of fact or law, whether in expression or inducement.

The aim of this statute is plainly to authorize courts to grant relief where a settlor's intent is at odds with the written trust instruments, consistent with our long-standing directive to ensure that evidence of the settlor's intent is adduced. As noted above, the Court has long held that intent is "paramount," Syl. pt. 1, in part, *Hemphill*, 164 W.Va. at 368, 264 S.E.2d at 164, and it is well-established that to ascertain that intent, "all relevant evidence, whether direct or circumstantial, may be considered, including the text of the donative document and relevant extrinsic evidence." Restatement (Third) of Property (Wills & Don. Trans.) § 10.2 (2003); *see also* Restatement (Third) of Trusts § 4 (2003) ("If a trust is created by a transaction inter vivos and is evidenced by a written instrument, the terms of the trust are determined by the provisions of the governing instrument as interpreted in light of all the relevant circumstances and such direct evidence of the intention of the settlor with respect to the trust[.]").

As though the procedural posture of this case does not make it obvious enough, it is clear that our caselaw and West Virginia Code § 44D-4-415 first require the *development of evidence* of the settlor's intent to determine whether the trust instrument is at odds with that intention, and whether that inconsistency was caused by "a mistake of fact or law[.]" *Id*. Yet neither the circuit court nor the majority permit petitioner the benefit of discovery to develop the evidence necessary for either of them to rule on the issue at hand. Nor does the Utah case, upon which the majority primarily relies, sanction ruling on

this issue on the basis of the instruments alone. In contrast to petitioner's request for discovery in the instant case, the *Flake* court noted that the plaintiff "stated *she had no evidence to offer and would rely solely on the documents at issue*." 71 P.3d at 591 (emphasis added).

The foregoing notwithstanding, the majority refuses to address the impact of West Virginia Code § 44D-4-415, declaring summarily—in a footnote—that it "need not [be] address[ed]" because the 2006 writing was an amendment, the trust was "clear and unambiguous," and petitioner waived this "issue" below. Obviously, whether the 2006 writing is characterized as an amendment is not germane to the statute's application and the majority's declaration that the 2016 instrument is "clear and unambiguous" does not affect the statute's application at all, given that it expressly permits reformation of a trust "even if unambiguous[.]" *Id.* (emphasis added).

More importantly, however, this statute is not a mere assignment of error or "issue" to be waived. It is a grant of authority to the circuit court to award relief which gives effect to the settlor's intent, notwithstanding a legal determination that a trust instrument is unambiguous. It is procedural mechanism to be employed, after development of the underlying evidence, to grant relief under its provisions. In practical terms, however, petitioner's invocation of this statute was patently unnecessary unless and until evidence was adduced which permitted the circuit court to rule properly on the issue of formation, the terms of the applicable trust, and Mr. Coyne's intent.

Further, the notion that petitioner was required to invoke this statute at the Rule 12(b)(6) stage is entirely contrary to our standards for dismissal under Rule 12(b)(6). It is, of course, axiomatic that for purposes of a Rule 12(b)(6) motion to dismiss, "the West Virginia Rules of Civil Procedure establish the principle that a plaintiff pleading a claim for relief need only give general notice as to the nature of his or her claim." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 521, 854 S.E.2d 870, 883 (2020) (footnote omitted). West Virginia Code § 44D-4-415 is, in effect, a statutory exception to respondent's defense that the trust terms are unambiguous and must be applied as written. The Court has made clear that at the Rule 12(b)(6) stage a plaintiff "need not anticipate or attempt to plead around potential defenses that may be raised by the defendant." Syl. Pt. 5, in part, *Gable v. Gable*, 245 W. Va. 213, 858 S.E.2d 838 (2021). Accordingly, a plaintiff cannot be required to provide "any information about defenses" and the complaint "may not be dismissed, under the guise of Rule 12(b)(6), for that omission." *Id.*

The majority fails to explain why petitioner is not entitled to develop evidence of intent or how her complaint—for which it resorts to applying extra-jurisdictional caselaw and construing documentary evidence to resolve—does not state a claim sufficient to survive a Rule 12(b)(6) motion. Accordingly, I respectfully dissent.